1 DAVID W. TUFTS (State Bar No. 180817)
dtufts@djplaw.com
2 **DURHAM JONES & PINEGAR, P.C.**
111 E. Broadway, Suite 900
3 Salt Lake City, Utah 84110-4050
Telephone: (801) 415-3000
4 Facsimile: (801) 415-3500

5
Attorneys for ZAGG INTELLECTUAL
6 PROPERTY HOLDING CO., INC.

CLERK, U.S. DISTRICT COURT FILED
JUN - 6 2011
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

7

8 **UNITED STATES DISTRICT COURT**

9 **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

10 **(Western Division – Los Angeles)**

| | |
|---|---|
| 11 ZAGG INTELLECTUAL PROPERTY HOLDING CO., INC., a Nevada corporation, | Case No. CV10-6511 AHM (FFMx) |
| 12 Plaintiff; | **(PROPOSED) PROTECTIVE ORDER** |
| 13 | |
| 14 vs. | **NOTE CHANGES MADE BY COURT** |
| 15 NLU PRODUCTS, L.L.C., a Utah limited liability company; and WRAPSOL, L.L.C., a | |
| 16 Delaware limited liability company; | |
| 17 Defendants. | |

18

19      Pursuant to Rule 26 of the Federal Rules of Civil Procedure, and it appearing that

20 discovery in the above-entitled action is likely to involve the disclosure of confidential

21 information, **IT IS HEREBY ORDERED** as follows:

22      1.     Whereas confidential technical, developmental, commercial, proprietary,

23 and financial information and trade secrets[1] are protected pursuant to Rule 26(c) of the

24 ――――――――――

[1] Pursuant to Cal. Civil Code § 3426.1(d), a trade secret shall mean "information,
25 including a formula, pattern, compilation, program, device, method, technique, or
process, that: (1) derives independent economic value, actual or potential, from not
26 being generally known to the public or to other persons who can obtain economic value
27 from its disclosure or use; and (2) is the subject of efforts that are reasonable under the
circumstances to maintain its secrecy."
28

SLC_865258

Federal Rules of Civil Procedure, this Protective Order will govern any document, material, item, testimony, or thing filed with or presented to the Court or produced, served, or generated during the discovery process which contains or comprises any confidential technical, developmental, commercial, proprietary, or financial information or trade secrets and so designated by a party.

2.    "Confidential" information shall consist of confidential technical, research, developmental, commercial, business, employment, financial, or other proprietary information, competitively sensitive information, or sensitive personal information which is nonpublic or is restricted from disclosure by obligations with a non-party (such as a customer, vendor, or contractor) and which the designating party reasonably believes is of such a nature and character that the unlimited disclosure thereof to others would be harmful to the designating party or its business or to a non-party (such as a customer, vendor, or contractor) or its business or would provide the receiving party with a competitive advantage over the designating party or non-party (such as a customer, vendor, or contractor). Any information derived from Confidential information also constitutes Confidential information to the extent the derived information embodies, contains, or discloses any Confidential information.

3.    "Confidential Attorneys' Eyes Only" or "Confidential – Outside Attorneys' Eyes Only" (collectively referred to herein as "Confidential Attorneys' Eyes Only") information shall consist of any "Confidential Information" which the designating party reasonably believes is of such a particularly sensitive nature and character that designating the information as "Confidential" information would be insufficient to protect its legitimate interests. Any information derived from Confidential Attorneys' Eyes Only information also constitutes Confidential Attorneys' Eyes Only information to the extent the derived information embodies, contains, or discloses any Confidential Attorneys' Eyes Only information.

4.    Nothing shall be regarded as Confidential information and/or Confidential Attorneys' Eyes Only information that: (a) is in the public domain at the time of

SLC_865258

disclosure; (b) becomes part of the public domain, through no act, fault, or failure of the receiving party; (c) is lawfully in the receiving party's possession at the time of disclosure through no act, fault, or failure of the receiving party or any third party having a duty of confidentiality to the disclosing party; (d) is received at a later date by the receiving party without any confidentiality or other proprietary information restriction from a third party who has the right to make such a disclosure; or (e) is independently developed by the receiving party by persons without access to such Confidential information and/or Confidential Attorneys' Eyes Only information, which development is adequately documented.

5. Any party may declare that any paper, document, record, pleading, response to discovery, deposition testimony, or, with the approval of the Court, hearing or trial testimony, or other material, or any designated portion thereof, contains information belonging to it or produced by a third party which is Confidential information and/or Confidential Attorneys' Eyes Only information. Non-parties who have been subpoenaed to testify or produce documents may likewise declare that any deposition testimony or, with the approval of the Court, hearing or trial testimony, or document or thing produced by them, contains information which is Confidential information and/or Confidential Attorneys' Eyes Only information, and such non-parties shall have the same rights and obligations with respect to such information as the parties hereto.

6. All Confidential information and/or Confidential Attorneys' Eyes Only information produced or revealed by the parties or non-parties in the course of this litigation shall be used solely for the purpose of this litigation, and for no other purpose, and shall not be disclosed to any person except in accordance with the terms of this Protective Order.

7. Access to Confidential information shall be limited to those individuals identified in paragraph 8 and the Court, the jury and alternate jurors empanelled by the Court in this action, Court-appointed special masters, Court-appointed independent experts, employees of the Court, court reporters who transcribe depositions, hearings, or

SLC_865258

trial testimony in this case, Court-appointed or party-selected arbitrators, mediators, videographers who videotape depositions in this case, and other persons as ordered by the Court.

     8.    The individuals who may have access to the Confidential information of the other party, or compilations, extracts, or summaries of such Confidential information, are limited to (a) the outside counsel of record in this litigation; (b) persons employed or acting as contractors in attorney, secretarial, clerical, IT, or paralegal capacities in the offices of the outside counsel of record in this litigation; (c) outside vendors providing photocopying, scanning, printing, stenography, videography, jury consulting (but specifically not mock juror(s), focus group members, or members of any other type of opinion polling sample group), and graphics assistance to counsel of record in this litigation and who sign the "Acknowledgement" described in Paragraph 11 below; (d) "Qualified Experts" (as defined below) retained to assist in this litigation and who sign the "Acknowledgement" described in Paragraph 11 below; (e) secretarial or clerical employees of Qualified Experts who are assisting Qualified Experts in this action and who sign the "Acknowledgement" described in Paragraph 11 below; (f) authors, creators, and previous, lawful recipients of the Confidential information and their respective counsel; (g) other persons with the prior written approval of counsel for the designating party or non-party and who sign the "Acknowledgement" described in Paragraph 11 below; and (h) directors, officers, in-house counsel, or Employees[2] of each party to this action, consultation with whom is reasonably deemed necessary by outside counsel of record to assist in the prosecution, defense, settlement, or trial of this action and who sign the "Acknowledgement" described in Paragraph 11 below.

     9.    Access to Confidential Attorneys' Eyes Only information shall be limited to those individuals identified in the following paragraph 10 and the Court, the jury and

---

[2] As used herein, the defined term "Employee" or "Employees" shall be read to include any non-employee or contractor having duties or obligations of the nature of an employee.

SLC_865258

alternate jurors empanelled by the Court in this action, Court appointed special masters, Court appointed independent experts, employees of the Court, court reporters who transcribe depositions, hearings, or trial testimony in this case, Court appointed or party-selected arbitrators, mediators, and videographers who videotape depositions in this case, and other persons as ordered by the Court.

10.    Access to the Confidential Attorneys' Eyes Only information of designating parties, or compilations, extracts, or summaries of such Confidential Attorneys' Eyes Only information, is limited to (a) outside counsel  of record in this litigation; (b) persons employed or contracting in attorney, secretarial, clerical, or paralegal capacities in the offices of the outside counsel of record in this litigation who are assisting counsel of record in this litigation; (c) outside vendors providing photocopying, scanning, printing, stenography, videography, jury consulting (but specifically not mock juror(s) , focus group members, or members of any other type of opinion polling sample group), and graphics assistance to counsel of record in this litigation and who sign the "Acknowledgement" described in Paragraph 11 below; (d) "Qualified Experts" (as defined below) retained to assist in this litigation and who sign the "Acknowledgement" described in Paragraph 11 below; (e) secretarial or clerical employees of Qualified Experts who are assisting Qualified Experts in this action and who sign the "Acknowledgement" described in Paragraph 11 below; (f) authors, creators, and previous recipients of Confidential Attorneys' Eyes Only information and their respective counsel; and (g) other persons with the prior written approval of counsel for the designating party or non-party and who sign the "Acknowledgement" described in Paragraph 11 below.

11.    Persons having access to Confidential information or Confidential Attorneys' Eyes Only information identified in paragraph 8 (c), (d), (e), (g), and (h), and 10 (c), (d), (e), and (g) shall be shown a copy of this Protective Order and must review and sign an "Acknowledgment" in substantially the same form as Exhibit A attached

NOTICE OF SUPPLEMENTAL AUTHORITY

SLC_865258

1  hereto, stating that they agree to be bound by its terms prior to any disclosure of such

2  information.

3      12.    An outside (i.e., non-Employee) expert witness or consultant of a party may

4  become a Qualified Expert if:  (a) said expert witness or consultant is first designated by

5  written notice to the other party, which written notice shall include a copy of the expert

6  witness' or consultant's current curriculum vitae and/or resume and a brief description

7  of the expert witness' or consultant's business occupation(s) and affiliation(s) for the

8  four (4) year period preceding the date of the notice; (b) said expert witness or

9  consultant executes the "Acknowledgment" in the form attached hereto as Exhibit A and

10  a copy thereof provided to the non-designating party; and (c) the non-designating party

11  does not object in writing to the expert's or consultant's designation within five (5)

12  business days of receipt of such notice.   The parties agree not to depose or seek any

13  discovery from any "consultant" identified pursuant to this provision, based solely on

14  such identification, unless designated by the disclosing party as a testifying expert.  If

15  the non-designating party objects to an expert witness' or consultant's designation as set

16  forth above, the parties shall meet and confer in a good faith effort to resolve the

17  objection.  Said meet and confer shall occur within five (5) business days of the date the

18  designating party receives notice of objection to its designation, unless the parties

19  stipulate in writing to extend the meet and confer period.  The objecting party's notice

20  of objection shall be in writing and shall briefly state the objecting party's position.  If

21  the meet and confer does not resolve the pending objections to the designation, then

22  designating party must provide written notice of its continued intent to use the

23  designated expert.  After receipt of the designating party's notice of its continued intent

24  to use the designated expert, the party objecting to the expert witness' or consultant's

25  designation must begin the process of moving for a protective order by serving on the

26  designating party its portion of the required joint stipulation pursuant to Local Rules 37-

27  2.1 and 37-2.2 within ten (10) business days of the date the objecting party receives the

28  notice of the designating party's continued intent to use the designated expert, unless the

NOTICE OF SUPPLEMENTAL AUTHORITY

SLC_865258

parties stipulate in writing to extend the time within which such a motion might be filed. If the objecting party fails to serve its portion of the joint stipulation on the designating party within ten (10) business days of the date the objecting party received notice of the designating party's continued intent to use the designated expert, the potential expert or consultant shall be deemed a "Qualified Expert" under this Protective Order. If the objecting party does serve its portion of the joint stipulation pursuant to Local Rules 37-2.1 and 37-2.2 on the designating party within ten (10) business days of the designating party expressly indicating its intent to use the expert, the parties shall comply with the provisions of Local Rule 37 and the designated expert or consultant shall be prohibited from having access to the Confidential information and/or Confidential Attorneys' Eyes Only information of the objecting party until the motion for protective order is resolved by the Court.

13. Each party's respective outside counsel of record in this litigation shall retain the original of each Acknowledgment executed by any persons identified above.

14. Qualified Experts shall be responsible for their Employees' compliance with this Protective Order.

15. This Protective Order shall not preclude either party from using an Employee as an expert witness or consultant even if such Employee is not a "Qualified Expert," but use of any such Employee as an expert witness or consultant does not entitle such Employee to have access to the other party's Confidential and/or Confidential Attorneys' Eyes Only information.

16. Documents, things, transcripts, and extracts or summaries thereof (sent or exchanged outside (a) the offices of the outside counsel of record in this litigation or (b) the offices of Qualified Experts), and copies of any of the foregoing, containing Confidential information shall be clearly marked as "Confidential" or with a similar legend.

17. Documents, things, and transcripts, and extracts or summaries thereof (sent or exchanged outside (a) the offices of the outside counsel of record in this litigation or

NOTICE OF SUPPLEMENTAL AUTHORITY

SLC_865258

(b) the offices of Qualified Experts), and copies of any of the foregoing, containing Confidential Attorneys' Eyes Only information shall be clearly marked as "Confidential Attorneys' Eyes Only" or with a similar legend.

18. During any deposition, a party or non-party who is being deposed may designate testimony as Confidential information or Confidential Attorneys' Eyes Only information by stating on the record at the deposition that the testimony is Confidential information or Confidential Attorneys' Eyes Only information and is subject to the provisions of this Protective Order. The court reporter shall separately bind such portion and mark the transcript with an appropriate legend.

19. A party or non-party who is being deposed whose Confidential information or Confidential Attorneys' Eyes Only information will be discussed during a deposition has the right to exclude from the deposition room any persons who are not authorized to see or review Confidential information or Confidential Attorneys' Eyes Only information, but for only that portion in which any such information is being discussed.

20. In addition to any designation made pursuant to paragraph 18, each party shall have until thirty (30) days after receipt of a deposition transcript within which to inform the other parties to the action of the portions of the transcript (by specific page and line reference) that are to be designated as Confidential or Confidential Attorneys' Eyes Only. Prior to such designation or expiration of the thirty (30) day period, the entire deposition transcript shall be deemed Confidential Attorneys' Eyes Only information. Transcripts of deposition testimony, or portions thereof, containing Confidential information or Confidential Attorneys' Eyes Only information shall be filed only under seal until further order of the Court. Once a deposition or a portion thereof is marked Confidential or Confidential Attorneys' Eyes Only, the parties shall separately bind such portion and mark the transcript with an appropriate legend. If, during the above-described thirty (30) day designation period, a party wishes to disclose portions of the deposition transcript, the party shall make a written request to opposing counsel or non-party. The written request shall identify the portions of the deposition

SLC_865258

transcript to be disclosed and the person(s) to whom such disclosure is to be made. If no objection is made within ten (10) business days of the written request, counsel for the requesting party shall be free to make such disclosure. If the portions of the deposition transcript identified for disclosure do not exceed twenty (20) pages, an objection to the request shall specifically identify which portions of the deposition transcripts contain "Confidential" or Confidential Attorneys' Eyes Only" information. If an objection is made within the ten (10) business days, then no disclosure shall be made until after the thirty (30) day period.

21.     All materials containing Confidential information or Confidential Attorneys' Eyes Only information, when filed with the Court, shall be filed under seal in conformity with any local rules or orders of the Court, and shall not be made public except by order of the Court.

22.     The designation by a party or non-party of an item as containing Confidential information and/or Confidential Attorneys' Eyes Only information may be challenged by another party pursuant to the provisions of Local Rule 37. The challenging party shall identify each item challenged by letter to the designating party or non-party and shall state the basis or bases for asserting the confidentiality designation is improper. The designating party or non-party and the challenging party shall meet and confer regarding the challenge within ten (10) business days of its receipt of such challenge, unless the parties and/or non-parties stipulate in writing to extend this period. If a dispute regarding a confidentiality designation cannot be resolved by the parties and/or non-parties, the challenging party or non-party must begin the process of moving the Court to change the confidentiality designation by serving on the designating party its portion of the required joint stipulation pursuant to Local Rules 37-2.1 and 37-2.2 within ten (10) business days, unless the parties stipulate in writing to extend this period. The parties shall comply with the provisions of Local Rule 37 in any such disputes.

NOTICE OF SUPPLEMENTAL AUTHORITY

SLC_865258

23. All documents, materials, items, things, transcripts, or information designated under this Protective Order shall be kept in such a manner as to reasonably ensure that access thereto is limited to the persons properly having access thereto under the terms of this Protective Order.

24. Any item, document, or information inadvertently furnished by a party or a third person during the course of this litigation without a designation of confidentiality may nevertheless subsequently be designated as Confidential information and/or Confidential Attorneys' Eyes Only information under the terms of this Protective Order but only if counsel for the receiving party (a) receives written notice from the designating party or third person of the inadvertent failure to designate and the request to thereafter treat such item, document, or information as Confidential information and/or Confidential Attorneys' Eyes Only information, and (b) has a reasonable opportunity to advise others to whom such item, document, or information already has been disclosed that such item, document, or information should be treated as Confidential information and/or Confidential Attorneys' Eyes Only information. No liability shall attach to any disclosure of any undesignated, non-privileged information by any party prior to such party's actual notice of such new designation.

25. If information believed by the producing party to be subject to attorney-client privilege, attorney work product, or any other legal privilege protecting information from discovery (a "Legal Privilege") is inadvertently produced to a party or parties, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product, or other ground for withholding production to which the producing party or other producing person would otherwise be entitled. Any receiving attorney shall immediately notify the disclosing party's attorney of any document that appears to have been inadvertently produced and otherwise comply with all applicable law regarding receipt of privileged materials inadvertently disclosed. If any producing party discovers that it has inadvertently produced information that the producing party belies to be subject to a Legal Privilege, the

NOTICE OF SUPPLEMENTAL AUTHORITY

SLC_865258

producing party may make a Legal Privilege Claim and notify any party which received

the information of the Legal Privilege Claimand the basis for such Legal Privilege

Claimwithin thirty (30) business days of having discovered that such information was

produced. After being notified of the Legal Privilege Claim, a party receiving such

information must promptly, within thirty (30)business days, return, sequester or destroy

the specified information and any copies, and may not use or disclose the information.

If the receiving party disclosed the information before being notified, it must take

reasonable steps to retrieve the information. If the receiving party disputes the Legal

Privilege Claimor believes the protection has been waived, it may present the

information to the Court under seal within thirty (30) business days of receiving the

notice for a determination of the Legal Privilege Claim. The producing party must

preserve the information until the Legal Privilege Claim is resolved.

      26.    If, during the course of any Court hearing or trial, a party refers to or seeks

to introduce a document, material, item, thing, transcript, or information which has been

designated as Confidential information and/or Confidential Attorneys' Eyes Only

information, the party shall inform the Court **of the existence of this Protective Order.**

**Any protection for any confidential material disclosed at the Court hearing or trial**

**must be requested from the judicial officer conducting the hearing or trial.** ~~and~~

~~shall request attendance at such hearing or trial during the time such document, material,~~

~~item, thing, transcript, or information is being discussed or utilized be limited to those~~

~~individuals entitled to have access to the designated material under the terms of this~~

~~Protective Order.~~ **(FFM)**

      27.    The terms of this Protective Order shall survive the termination of this

litigation.

      28.    Within sixty (60) days of termination of this litigation in its entirety,

including appeals (if any), all copies of Confidential information, Confidential

Attorneys' Eyes Only information, and abstracts, summaries, excerpts, or compilations

thereof, including litigation databases or portions of databases containing either the full

SLC_865258

text of Confidential information and/or Confidential Attorneys' Eyes Only information or abstracts, summaries, excerpts, or compilations thereof, shall, at the election of the designating party or non-party, either be (i) destroyed with certification of such destruction provided to counsel for the designating party or non-party (ii) returned to counsel for the party or non-party which produced such Confidential information and/or Confidential Attorneys' Eyes Only information, at the designating party's or non-party's expense, except that outside counsel of record in this litigation may keep (a) one copy of a complete set of pleadings, transcripts, exhibits, and trial exhibits entered into evidence and (b) work product. This provision shall in no way be construed to require any party to turn over any work product. Original documents and deposition transcripts shall not be destroyed. The Court shall retain jurisdiction over this Protective Order, adjudicating claims of breach, and administering damages and other remedies.

29. Nothing in this Protective Order shall bar the outside counsel of record in this litigation with access to Confidential information and/or Confidential Attorneys' Eyes Only information, from rendering advice to his, her, or their client with respect to this litigation and, in the course thereof, relying upon any Confidential information and/or Confidential Attorneys' Eyes Only information, provided counsel does not disclose Confidential information and/or Confidential Attorneys' Eyes Only information in a manner not specifically authorized under this Protective Order.

30. A label marked with "Confidential," "Confidential Attorneys' Eyes Only," on a similar legend which has been attached to any disk, DVD, CD, or other storage medium effectively designates all of the information contained thereon as Confidential or Confidential Attorneys' Eyes Only information. A producing party need not individually mark each document, file, or other piece of information or data with "Confidential," "Confidential Attorneys' Eyes Only," on a similar legend. If a party or non-party makes printouts of information from a disk, DVD, CD, or other storage medium so designated, the hard copies should themselves then be marked consistent with the marking on the label of the disk, DVD, CD, or other storage medium.

NOTICE OF SUPPLEMENTAL AUTHORITY

SLC_865258

1        31.    **Nothing herein shall be construed as limiting the obligations of any**

2  **person or entity subject hereto to fully comply with any lawfully issued subpoena**

3  **or other legal process.  (FFM)**

4

5        **SO ORDERED:**

6

7        DATED:  June 6, 2011.

8

9

10

                    /S/ FREDERICK F. MUMM

11                      FREDERICK F. MUMM

12                      United States Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF SUPPLEMENTAL AUTHORITY

SLC_865258

## EXHIBIT A

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California on _____ [date of Order] in the case of *Zagg Intellectual Property Holding Co., Inc. v. NLU Products, L.L.C. and Wrapsol, L.L.C.*, Case No. CV10-6511 AHM. I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Protective Order. I understand that I am to retain all copies of any materials that I receive which have been designated "Confidential Attorneys' Eyes Only" or "Confidential" in a manner sufficient to secure the confidentiality of such materials from all others, including any co-workers, employees, supervisors, agents, or other acquaintances, except as permitted by this Protective Order. I specifically agree to maintain such materials in a manner consistent with the Protective Order, and all copies are to remain in my custody until I have completed my assigned or legal duties, whereupon all copies are to be returned or destroyed as specified in the Protective Order. I acknowledge that the return or subsequent destruction of such materials shall not relieve me from any of the continuing obligations imposed upon me by the Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____

1

SLC_865258